℅JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MICHAEL BOLTON and CYNTHIA BOLTON

## DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____ DOCKET NUMBER _____

Explanation: _____

**DATE**
01/22/2013

**SIGNATURE OF ATTORNEY OF RECORD**
/s/ CRAIG THOR KIMMEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MICHAEL BOLTON AND CYNTHIA BOLTON | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| NCO FINANCIAL SYSTEMS, INC. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| | | |
|---|---|---|
| 01/22/2013 | Craig Thor Kimmel | Plaintiffs, Michael & Cynthia Bolton |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 400 Greer Avenue, High Point, North Carolina, 27260

Address of Defendant: 507 Prudential Rd., Horsham, PA 19044

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Craig Thor Kimmel, counsel of record do hereby certify:
  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: 01/22/2013    /s/ Craig Thor Kimmel    57100
              Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/22/2013    /s/ Craig Thor Kimmel    57100
              Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL BOLTON AND CYNTHIA BOLTON, | ) ) ) |
| Plaintiffs | ) **Case No.:** ) |
| v. | ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| NCO FINANCIAL SYSTEMS, INC., | ) ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |

## COMPLAINT

MICHAEL BOLTON AND CYNTHIA BOLTON ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's headquarters are in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue lies in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiffs are each a natural person residing in High Point, North Carolina 27260.

6. Plaintiff MICHAEL BOLTON is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff MICHAEL BOLTON is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Additionally, Plaintiff CYNTHIA BOLTON is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Weinrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

9. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

10. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiffs in an attempt to collect a debt.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times, Defendant was attempting to collect an alleged consumer debt.

14. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

15. Beginning in or before August 2012, and continuing through December 2012, Defendant continuously and repetitively contacted Plaintiffs on their home and cellular telephones allegedly to collect a debt.

16. Defendant contacted Plaintiffs on their cellular telephone through the use of an automated dialing system in an attempt to coerce payment of the debt, with the intent to annoy, abuse, or harass Plaintiffs.

17. Plaintiffs did not consent to the placement of telephone calls to their cellular telephone by Defendant or the creditor that placed the account for collection with Defendant.

18. During this time, Defendant called Plaintiffs' home and cellular telephones, on average, two (2) to three (3) times a day, causing them to receive more than ten (10) collection calls a week.

19. Many of the collection calls Plaintiffs received originated from, but are not limited to, the following number: (800) 477-1827, which the undersigned has confirmed is a telephone number belonging to Defendant.

20. When contacting Plaintiffs on their home and cellular telephones, Defendant contacted them at times when it was inconvenient for them to receive collection calls, specifically calling them before 8:00 a.m. and after 9:00 p.m.

21. Defendant's sole purpose in contacting Plaintiffs before 8:00 a.m. and after 9:00 p.m., was to annoy, abuse and harass Plaintiffs.

22. Most recently, Defendant contacted Plaintiffs on December 6, 2012.

23. Lastly, in its communications with Plaintiff Michael Bolton, Defendant's collectors threatened to take legal action against him and to freeze his banking accounts if he did not make payment on the alleged debt.

24. At the time Defendant threatened to freeze Plaintiff Michael Bolton's banking accounts, Defendant not only did not have the legal authority to do so, but did not intend to take such action.

25. Also, at the time Defendant threatened to take legal action against Plaintiff Michael Bolton, Defendant did not intend to take such action.

26. Defendant's actions in attempting to collect a debt were harassing, abusive, and annoying.

27. Defendant acted in an abusive, harassing, unconscionable and unfair manner by communicating with Plaintiffs at times when it was inconvenient for them to receive collection calls.

28. Defendant acted in an abusive, harassing, unconscionable and unfair manner by causing Plaintiffs telephone to ring or engaging Plaintiffs in telephone conversation repeatedly or continuously with the intent to annoy, abuse and/or harass Plaintiffs.

29. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to freeze banking accounts when it cannot legally take that action or did not intend to take such action.

30. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take any legal action that cannot legally be taken or that is not intended to be taken.

31. Defendant acted in a false, deceptive, misleading and unfair manner by the use of any unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendant knew or should have known that its actions violated the FDCPA.

33. Furthermore, Defendant should have taken the steps necessary to bring their employee's actions within compliance of the FDCPA and TCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**
**COUNT I**

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

   b. Here, Defendant violated §1692c(a)(1) of the FDCPA when it called Plaintiffs before 8:00 a.m. and after 9:00 p.m.

**COUNT II**

35. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits a debt collector from engaging

in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by continuously calling Plaintiffs on their home and cellular telephones two (2) to three (3) times a day, causing them to receive at least ten (10) collection calls a week, with the intent to harass or annoy Plaintiffs.

## COUNT III

36. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e, 1692e(4) and 1692e(5).

a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

c. A debt collector violates §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be

taken.

    d. Here, Defendant violated §§1692e and 1692e(4) of the FDCPA by threatening to freeze Plaintiff Michael Bolton's bank accounts when it did not have the legal authority to take the action it threatened and did not intend to take the action it threatened.

    e. Here, Defendant violated §§1692e and 1692e(5) of the FDCPA by threatening to take legal action against Plaintiff Michael Bolton when it did not intend to take the action it threatened.

## COUNT IV

37. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

    d. A debt collector violates §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect any debt.

    e. Here, Defendant violated §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt, including relentlessly contacting Plaintiffs with an automatic dialer in an attempt to collect a debt.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT
## COUNT V

38. Plaintiffs hereby incorporate all facts and allegations specified in all preceding paragraphs, by reference as if fully set forth at length.

39. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, prohibits the use of an automatic telephone dialing system or a pre-recorded or artificial voice to

place telephone calls to an individual on his or her cellular telephone. See 47 U.S.C. §227(b)(1)(A)(iii).

40. A person may bring a private cause of action "based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation." See 47 U.S.C. §227(b)(3)(A).

41. Also, a person is entitled to bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." See 47 U.S.C. §227(c)(5)(B).

42. The Court, in its discretion, is authorized to award up to three (3) times the actual damages sustained by a person for violations of the TCPA. See 47 U.S.C. §227(c)(5).

43. Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiffs' cellular telephone, leaving several messages using a pre-recorded or artificial voice.

44. Defendant did not have Plaintiffs' express consent prior to contacting them on their cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

45. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiffs, MICHAEL BOLTON AND CYNTHIA BOLTON, respectfully pray for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(B);

d. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3); and

c. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, MICHAEL BOLTON AND CYNTHIA BOLTON, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 01/22/2013                KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
   Craig Thor Kimmel, Esquire
   PA Attorney Id. No. 57100
   30 E. Butler Pike
   Ambler, PA 19002
   Phone: (215) 540-8888
   Fax: (877) 788-2864
   Email: kimmel@creditlaw.com